IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

THEODORE R. URIVE,

           Petitioner,

v.                                                    Case No. 21-CV-246-JFH-KEW

SCOTT CROW,

           Respondent.

**OPINION AND ORDER**

      This action is before the Court on Respondent's motion to dismiss Petitioner Theodore R. Urive's ("Urive") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Urive is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. He is attacking his conviction in McCurtain County District Court Case No. CF-2008-554 for Robbery with a Dangerous Weapon (Count 1), Assault While Masked or Disguised (Count 2), Burglary in the Second Degree (Count 3), Robbery by Force or Fear (Count 4), Assault While Masked or Disguised (Count 5), Robbery with a Dangerous Weapon (Count 6), and Assault While Masked or Disguised (Count 7). Dkt. No. 9-1. He raises one ground for habeas relief:

> State of Oklahoma did not have lawful jurisdiction to convict [Urive ] of crime on Indian land. [Urive] is a Native American, Choctaw Tribe, and his crimes were committed on Choctaw reservation. The fact that he is a member of the tribe of Choctaw Indians and the locations of his crimes puts [sic] his case under the provisions of the Federal Government's MCA [Major Crimes Act]. The state of Oklahoma violated his right of due process and wrongfully convicted him under provisions of state law.

Dkt. No. 1 at 5.

Respondent has filed a motion to dismiss the petition as time-barred, because it was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d).  Dkt. No. 8.  The record shows that Urive pleaded guilty to the seven (7) counts and was sentenced on September 15, 2009.  Dkt. No. 9-1.  The district court accepted Urive's pleas and sentenced him to twenty (20) years' imprisonment for Counts 1, 2, 4, 5, 6, and 7 and to seven (7) years' imprisonment for Count 3, all of which is to run concurrently.  Dkt. No. 9-1 at 1-2.  Urive did not seek to withdraw his pleas or otherwise appeal his Judgment and Sentence.  Dkt. No. 9-2 at 6 (Docket Sheet for McCurtain County Case No. CF-2008-554).

On October 29, 2009, Urive sent a letter to the state district court, stating he had learned his lesson and asking, "please can you do anything for me, Sir."  Dkt. No. 9-3 at 1.  The record does not indicate that the district court responded to the letter or took any action.  Dkt. No. 9-2 at 6.

On December 17, 2020, Urive filed in the district court an application for post-conviction relief and a motion for evidentiary hearing.  Dkt. Nos. 9-4, 9-5.  He alleged in his application that the State of Oklahoma was without authority to prosecute him for his crimes, because he is an Indian who committed his crimes in Indian Country.  Dkt. No. 9-4 at 2.  On February 2, 2021, the district court entered an order finding that Urive had failed to set forth prima facie evidence of his Indian status and that the crime was committed in Indian Country.  Dkt. No. 9-6 at 1.  Specifically, the district court found Urive had failed to attach a certificate of degree of Indian blood to his application.  *Id.*  The court, therefore ordered Urive to provide the necessary evidence to the court and the district attorney within thirty (30) days.  *Id.*

On February 8, 2021, Urive filed documents showing his Certificate of Degree of Indian Blood Tribal Membership is 3/16 degree of Choctaw blood, and he is a tribal member of the Choctaw Nation of Oklahoma. Dkt. No. 9-7. On February 25, 2021, he filed a reply to the district court's February 2, 2021 order, explaining that his crimes occurred within the boundaries of the Choctaw Reservation. Dkt. No. 9-8.

On March 17, 2021, the district court entered an order finding Urive had provided prima facie evidence of his Indian status and that his crime was committed in Indian Country. Dkt. No. 9-9 at 2. The court also found Urive was denied an appeal through no fault of his own, and he should be allowed to file an appeal out of time. *Id.* The court further found that Urive's post-conviction application had merit, and recommended that Urive be allowed to appeal out of time. *Id.*

The Oklahoma Court of Criminal Appeals ("OCCA") disagreed with the state district court and denied Urive's request for an appeal out of time in its June 1, 2021 summary order in Case No. PC-2021-280. Dkt. No. 9-10. The OCCA found that Urive had failed to withdraw his plea in a timely manner and that he "is presumed to have waived the right to litigate this issue on direct appeal." *Id.* at 2. The OCCA further noted that Urive never sought an out-of-time appeal, but instead claimed that the State of Oklahoma lacked authority to prosecute him. *Id.* at 2-3. It concluded that, in any event, "[t]he potential merit of Urive's *McGirt* claim has no bearing on Urive's entitlement to an appeal out of time." *Id.* at 3. Consequently, Urive's application for a

3

certiorari appeal out of time was denied. *Id.* Urive has not taken any further action in the Oklahoma courts. *See* Oklahoma State Courts Network at https://www. oscn.net/.[1]

**Statute of Limitations**

Respondent alleges this Court should dismiss Urive's petition as barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d). Urive does not address the issue of timeliness in his response to the motion to dismiss. Dkt. No. 12. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

Urive did not seek to timely withdraw his guilty pleas or seek an appeal to the OCCA, and the record does not indicate he was granted an appeal out of time. His convictions, therefore, became final on September 25, 2009, ten (10) days after entry of his Judgment and Sentence on September 15, 2009. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. The statutory year under 28 U.S.C. § 2244(d)(1)(A) began to run the next day on September 26, 2009, and it expired on September 27, 2010.[2] *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date). This habeas corpus petition, filed on August 16, 2021 [Dkt. No. 1 at 18], was untimely.

**Tolling Under 28 U.S.C. § 2244(d)(2)**

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003).

Respondent asserts that Urive is not entitled to tolling under § 2244(d)(2), because he cannot show the existence of a "properly filed application for State post-conviction or other collateral relief," as set forth in the statute. The only document received by the state district court between Urive's September 15, 2009 conviction and his December 17, 2020 application for post-

---

[2] September 26, 2010, was a Sunday, so the deadline was extended to September 27, 2010. *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that in computing time, "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

5

conviction relief is an ex parte letter filed on October 29, 2009, apparently mailed by Urive to the district court, seeking help without any specific request for relief. Dkt. No. 9-3 at 1. Because this document is not a "properly filed application for State post-conviction or other collateral review," § 2244(d)(2)'s tolling provision cannot apply here. *See Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) ("[T]he various letters and motions Urive relies on to toll the limitations period were not 'properly filed' pursuant to the state's procedural requirements."). Further, the letter fails to meet the procedural standard for any applicable manner of collateral relief, and it does not even approximate what is required to obtain an out of time appeal. *See* Rule 2.1(E), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (requiring petitioners to file an application for post-conviction relief, claiming that they were denied the right to appeal through no fault of their own). *See also* Okla. Stat. tit. 22, § 1081 (2001) (requiring a "verified 'application for post-conviction relief'" to be filed with the clerk of the court).

To the extent Urive's generalized requests for mercy in the letter may implicate Oklahoma's allowance for sentence modification under that statute, it "shall not apply to sentences imposed pursuant to a plea agreement or jury verdict" absent "consent of the district attorney." Okla. Stat. tit. 22, § 982a (A)(3) (Supp. 2019). The record contains no consent from the district attorney, therefore, the district court could not entertain any § 982a pleadings. *See* Okla. Stat. tit. 22, § 982a (A)(3) (Supp. 2019). These provisions barred the district court from considering the letter as a request for collateral relief, thus it cannot be treated as a "properly filed" state post-conviction application or a request for other collateral review, and tolling under § 2244(d)(2) does not apply to the letter.

Regarding Urive's December 17, 2020 application for post-conviction relief and motion for evidentiary hearing [Dkt. Nos. 9-4, 9-5], there is no tolling for those proceedings because they were initiated after the limitation period expired in September 2010. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (noting that AEDPA's one-year period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed *during* the limitations period" (emphasis added) (citing 28 U.S.C. § 2244(d)(2)).

**Tolling pursuant to 28 § 2244(d)(1)(C)**

Urive does not claim any impediment created by state action, nor does he assert the discovery of facts that could not have been discovered with due diligence. *See* 28 U.S.C. § 2244(d)(1)(B) and (D). Instead, he asserts that he timely sought relief in the Oklahoma courts within one (1) year of the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S.Ct 2452 (2020). Dkt. No. 1 at 16. He specifically refers to "his right of jurisdiction" as defined by *McGirt*. *Id*. He thus seems to assert that § 2244(d)(1)(C) controls the timeliness of his petition. However, he is not entitled to tolling under § 2244(d)(1)(C):

> *McGirt* announced no new constitutional right. It self-professedly resolved a question of "statutory interpretation," 140 S. Ct. at 2474, surveying many "treaties and statutes," *id.* at 2476, to determine that "[t]he federal government promised the Creek a reservation in perpetuity" and "has never withdrawn the promised reservation," *id.* at 2482. The opinion addressed the United States Constitution only to explain Congress's exclusive authority to disestablish Indian reservations. *See id.* at 2462-63. (The Constitution is also mentioned in passing within a quotation from the Oklahoma Enabling Act. *See id.* at 2477.) And although [Petitioner] tries to characterize *McGirt* as a decision about due process, the phrase "due process" never appears in the opinion. Moreover, the opinion observed that "Congress remains free to supplement its statutory directions about the lands in question at any time." *Id*. at 2481-82. That observation alone contravenes any notion that *McGirt* announced a new constitutional right--Congress cannot eliminate a constitutional right through ordinary legislation. . . .

*Pacheco v. El Habti*, __ F.4th __, No. 20-7002, 2022 WL 4242131, at *8 (10th Cir. 2022).

7

**Equitable Tolling**

Urive does not allege he is entitled to equitable tolling. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). After careful review, the Court finds Urive has failed to meet this burden. *See Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) (finding the petitioner's "plea of guilty simply undermines" his actual innocence claim.). While Urive argues in his response to the motion to dismiss that he is "effectively actually innocent of a crime," because he entered his pleas before a court lacking jurisdiction [Dkt. No. 12 at 12], the Court finds this proposition is meritless and not based in law.

**Certificate of Appealability**

The Court further finds Urive has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Urive is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

THEREFORE, IT IS HEREBY ORDERED that Respondent's motion to dismiss time-barred petition [Dkt. No. 8] is GRANTED, and Urive is DENIED a certificate of appealability.

Dated this 12th day of October 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

9